UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER A. WILSON,

                Petitioner,

v.

                                                  9:17-CV-0863
                                                  (BKS)

HAROLD GRAHAM,

                Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

CHRISTOPHER A. WILSON
13-B-1473
Petitioner, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

Petitioner Christopher A. Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 4, IFP Application. He challenges a 2013 judgment of conviction, in Jefferson County, of criminal possession of a controlled substance in the first degree. Pet. at 1-2.[1]

Petitioner asserts that, on December 23, 2015, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed his conviction on direct appeal, and that, on May 19, 2016, the New York Court of Appeals denied leave to appeal. *Id.* at 2-3; *accord,*

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

*People v. Wilson*, 134 A.D.3d 1396 (4th Dep't 2015), *lv. denied*, 27 N.Y.3d 1076 (2016).

Based upon a review of the information contained in petitioner's certified IFP application, the Court concludes that petitioner qualifies for IFP status. His application is therefore granted. Petitioner will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

Turning to his petition, petitioner contends that he is entitled to habeas relief because the Jefferson County Court erred in denying his motion to suppress the fruits of an unlawful, warrantless search of an apartment where petitioner and the controlled substances at issue were located. Pet. at 3-7. For a more complete statement of petitioner's claims, reference is made to the petition.

Based upon an initial review, respondent must answer the petition.

Petitioner did not, however, sign the signature page of his petition, and the petition bears no signature of any person authorized to sign it for him. Pet. at 10. Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Petitioner must therefore sign the petition himself and return it to the Court as detailed below. If petitioner complies with this requirement, then respondent must file an answer. Failure to comply with this order will result in the dismissal of the petition.

**WHEREFORE**, it is

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice; and it is further

**ORDERED** that petitioner's IFP Application (Dkt. No. 4) is **GRANTED;** and it is further

**ORDERED** that the Clerk shall send to petitioner a copy of the signature page of the petition (Dkt. No. 1 at 10).  Petitioner must sign and date the signature page and return it no later than thirty (30) days after the filing date of this Decision and Order.  If petitioner fails to comply, the petition will be dismissed with no further orders from the Court; and it is further

**ORDERED** that, upon receipt of the signed and dated signature page, the Clerk shall attach it to the petition; and it is further

**ORDERED** that, once petitioner returns the signed and dated signature page, and the Clerk dockets the petitioner's papers in accordance with this Decision and Order, the Clerk shall serve copies of the petition and this Decision and Order upon respondent and the Attorney General of the State of New York in accordance with Local Rule 72.4(e).

**IT IS SO ORDERED.**

Dated:  October 2, 2017

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge